IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01670-BNB

ERIK BRENDAN JENSEN,

    Petitioner,

v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections,
STEVE HARTLEY, Warden, Limon Correctional Facility, Limon, Colorado, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2008

GREGORY C. LANGHAM
CLERK

## ORDER TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Petitioner Erik Brendan Jensen is a prisoner in the custody of the Colorado Department of Corrections in the Limon Correctional Facility at Limon, Colorado. Mr. Jensen initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in case number 98CR422 in the Douglas County District Court. In an order filed on August 15, 2008, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On September 3, 2008, Respondents filed their Pre-Answer Response. On October 17, 2008, Mr. Jensen filed a Reply to Pre-Answer Response. For the reasons stated below, the Court will draw this case to a district judge and to a magistrate judge.

Mr. Jensen was convicted by a jury in the Douglas County District Court of first degree murder, conspiracy to commit first degree murder, and accessory to first degree murder. He received a mandatory sentence of life imprisonment without parole for the murder conviction and lesser, concurrent sentences for the other convictions. The judgment of conviction was affirmed on direct appeal. *See People v. Jensen*, 55 P.3d 135 (Colo. Ct. App. 2001). On October 15, 2002, the Colorado Supreme Court denied Mr. Jensen's petition for writ of certiorari on direct appeal.

Before his direct appeal concluded, Mr. Jensen also filed a postconviction Rule 35(c) motion. The trial court denied the Rule 35(c) motion on March 29, 2005. The order denying the Rule 35(c) motion was affirmed by the Colorado Court of Appeals. *See People v. Jensen*, No. 05CA0864 (Colo. Ct. App. Mar. 8, 2007) (unpublished). On August 13, 2007, the Colorado Supreme Court denied Mr. Jensen's petition for writ of certiorari in the postconviction proceedings.

Mr. Jensen filed the instant habeas corpus petition in this Court on August 7, 2008, raising five claims for relief. Mr. Jensen's five claims in the petition are the following:

(1) A juror's at-home experiment during deliberations violated the Fifth, Sixth, and Fourteenth Amendment rights to a fair and impartial jury.

(2) The Colorado Court of Appeals improperly expanded *Payne v. Tennessee*, 501 U.S. 808 (1991), to allow guilt-phase testimony about a victim's good character, when *Payne* only authorized the admission of victim impact evidence at death penalty sentencing.

(3) Prosecutorial misconduct during examinations and closing arguments violated the Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial.

2

(4) The failure to instruct the jury that intoxication can negate deliberation violated the Fifth, Sixth, and Fourteenth Amendment rights to due process, fair trial, and trial by jury.

(5) The admission of hearsay statements made by the principal actor violated the Sixth Amendment right to confrontation.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend Mr. Jensen's first four claims are not exhausted and are procedurally barred. Respondents concede that Mr. Jensen's fifth claim for relief is exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

3

to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court first will address Mr. Jensen's first and fourth claims for relief in the petition. Respondents argue that these two claims are not exhausted because they were not presented fairly to the Colorado Supreme Court as federal constitutional claims. Respondents specifically contend that, although these two claims were raised as federal constitutional claims on appeal to the Colorado Court of Appeals in the postconviction proceedings, Mr. Jensen raised these two claims only as state law claims in his postconviction petition for writ of certiorari. Mr. Jensen argues that he is not required to present his claims to the Colorado Supreme Court in a petition for writ of certiorari in order to exhaust state remedies because Colorado Appellate Rule 51.1 demonstrates that there is no need to seek such review. The Court finds that Mr. Jensen's first and fourth claims for relief are exhausted.

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to

ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state court remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of any case that reaches a contrary conclusion. Therefore, the fact that Mr. Jensen did

5

not raise his first and fourth claims as federal constitutional claims in his postconviction petition for writ of certiorari in the Colorado Supreme Court does not demonstrate that those claims are unexhausted. The fact that Mr. Jensen actually filed a petition for writ of certiorari in the state court postconviction proceedings but did not raise these claims as federal constitutional claims does not alter the Court's conclusion.

Respondents make a similar argument with respect to Mr. Jensen's third claim for relief. Respondents contend that Mr. Jensen raised his third claim for relief as a federal constitutional issue on direct appeal to the Colorado Court of Appeals but not in his petition for writ of certiorari on direct appeal. Respondents assert that Colo. App. R. 51.1 cannot save Mr. Jensen's third claim if it was raised only in the Colorado Court of Appeals on direct appeal because Mr. Jensen's direct appeal preceded the effective date of Colo. App. R. 51.1 and Colo. App. R. 51.1 cannot be applied retroactively. Mr. Jensen argues that Colo. App. R. 51.1 does apply retroactively to his direct appeal and that, in any event, he fairly presented his third claim to the Colorado Court of Appeals on appeal from the denial of his Rule 35(c) motion.

The Court has reviewed the briefs provided by Respondents and finds that, although Mr. Jensen raised a portion of his third claim on appeal from the denial of his Rule 35(c) motion, he did not raise the third claim in its entirety in the postconviction proceedings. However, the Court also finds that Colo. App. R. 51.1 applies retroactively and, therefore, Mr. Jensen's third claim was exhausted on direct appeal.

The Court is not persuaded by Respondents' argument that Colo. App. R. 51.1 does not apply retroactively. Respondents primarily rely on *Wenger v. Frank*, 266 F.3d 218 (3d Cir. 2001), to support their argument that Colo. App. R. 51.1 cannot be applied

6

retroactively. In *Wenger*, the United States Court of Appeals for the Third Circuit concluded that a Pennsylvania Supreme Court rule eliminating the need to seek discretionary review in that court in order to exhaust state remedies was not retroactive. *See id.* at 226. The Third Circuit based its conclusion on the prospective language of the Pennsylvania Supreme Court rule, a finding that the primary purpose of the Pennsylvania Supreme Court rule would not be served by retroactive application, and the Third Circuit's view that whether a particular remedy was or was not available is a question of objective historical fact that cannot be retroactively altered. *See id.* at 225-26.

Mr. Jensen asserts, and Respondents concede, that two other circuit courts have held that rules in Tennessee and Missouri, which are similar to both the Pennsylvania Supreme Court Rule at issue in *Wenger* and Colo. App. R. 51.1, do apply retroactively. *See Adams*, 330 F.3d at 405; *Randolph*, 276 F.3d at 404. In *Randolph*, the Eighth Circuit reasoned that the Missouri rule was retroactive because the rule purported to clarify existing law and not change the law. *See Randolph*, 276 F.3d at 404. In *Adams*, the Sixth Circuit similarly concluded that the Tennessee rule was retroactive because the rule merely clarified the existing law in Tennessee. *See Adams*, 330 F.3d at 405. Significantly in *Adams*, the Tennessee rule expressly provided that it was applicable "[i]n all appeals from criminal convictions or postconviction relief matters from and after July 1, 1967." *See id.* at 401.

The Court finds that Colo. App. R. 51.1 is most like the Tennessee rule at issue in *Adams*. Like the Tennessee rule, the plain language of Colo. App. R. 51.1 expressly

7

provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Therefore, the Court finds that Colo. App. R. 51.1 is merely a clarification of the existing law in Colorado and, as a result, the Court finds that Colo. App. R. 51.1 is retroactive to Mr. Jensen's direct appeal. This determination leads to the further conclusion that Mr. Jensen's third claim for relief in this action is exhausted because it was fairly presented to the Colorado Court of Appeals on direct appeal.

Respondents finally argue that Mr. Jensen failed to exhaust state remedies for his second claim for relief. Respondents characterize Mr. Jensen's second claim as a claim that the trial court improperly admitted testimony of the victim's character in violation of Mr. Jensen's constitutional rights. Respondents contend that this claim is not exhausted because Mr. Jensen raised a claim challenging admission of this testimony on direct appeal to the Colorado Court of Appeals only as an issue of state law, even though Mr. Jensen did mention the Eighth Amendment in the context of this claim in his petition for writ of certiorari on direct appeal.

The Court might be inclined to agree with Respondents if their characterization of Mr. Jensen's second claim for relief was accurate. After all, Mr. Jensen concedes that he raised the issue regarding the admission of testimony of the victim's character only as a state law evidentiary claim in the Colorado Court of Appeals on direct appeal. However, Mr. Jensen's second claim does not challenge the trial court's admission of the testimony regarding the victim's character. Instead, Mr. Jensen's second claim in this action is that the Colorado Court of Appeals improperly expanded *Payne v.*

*Tennessee*, 501 U.S. 808 (1991), to allow guilt-phase testimony about a victim's good character, when *Payne* only authorized the admission of victim impact evidence at death penalty sentencing. According to Mr. Jensen, it was the Colorado Court of Appeals "that interjected the federal issue and committed the violation of federal law that is at issue in claim number two." (Reply to Pre-Answer Response at 16.) Because Respondents do not address the precise claim raised by Mr. Jensen in his second claim for relief, the Court will not dismiss that claim for failure to exhaust state remedies.

In summary, Respondents do not raise the affirmative defense of the one-year limitation period, and the Court finds that Mr. Jensen's claims in this action are not subject to dismissal for failure to exhaust state remedies. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 12 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-01670-BNB

Dean Neuwirth
Attorney at Law
**DELIVERED ELECTRONICALLY**

Paul Koehler
Colorado Attorney General's Office
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/13/08 .

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk