IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01670-RPM

ERIK BRENDAN JENSEN,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections;
STEVE HARTLEY, Warden, Limon Correctional Facility, Limon, Colorado; and
JOHN SUTHERS, Attorney General, State of Colorado,

    Defendants.

_____

ORDER DENYING MOTION TO AMEND HABEAS PETITION AND FOR STAY AND ABEYANCE
_____

    The five claims made in the petitioner's habeas petition under 28 U.S.C. § 2254 assert constitutional errors in the jury trial resulting in his convictions of first degree murder after deliberation, conspiracy to commit first degree murder and accessory to first degree murder. Those issues have been fully briefed, the trial court records have been received and oral argument was anticipated when the petitioner filed a motion to amend habeas petition and for stay and abeyance to permit him to pursue a sixth claim that his sentence to life imprisonment without parole violates the Eighth Amendment's prohibition of cruel and unusual punishment. The motion is based on the contention that the Supreme Court in *Graham v. Florida,* 130 S.Ct. 2011 (May 17, 2010) recognized a categorical rule that the "Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." The

contention made here is that although Erik Jensen was convicted of first degree murder, his criminal conduct was limited as a complicitor who did not cause the death of the victim. The petitioner argues that the Supreme Court's established categorical exclusions of the death penalty in felony murder cases show that the established distinction between the killer and an accomplice would bring him within the Court's holding as a juvenile who did not commit homicide. The respondents properly characterize this contention as an extrapolation of the holding in *Graham.*

Recognizing that this new claim has not been presented to the Colorado court and that this court may not proceed on exhausted and unexhausted claims, Jensen asks that his proposed Second Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 be accepted for filing, thereby meeting the time requirement of § 2244(d)(1)(c) and then staying this case to permit him to present the sentencing claim to the state court.

The parties agree that the applicable law was established by the Supreme Court in *Rhines v. Weber,* 544 U.S. 269, 278 (2005). That requires a showing of (1) good cause for failure to exhaust the claim; (2) the unexhausted claim is potentially meritorious and (3) there is no indication of intentional dilatory litigation tactics.

The potential merit of the new claim is also a consideration for the motion to amend under Fed.R.Civ. P.15. Upon review of the majority opinion in *Graham* and in consideration of the concurring and dissenting opinions, the petitioner's attempt to apply the rule in *Graham* to this case is rejected for two reasons: (1) his first degree murder conviction is a homicide and (2) the rule in *Graham* will not be applied retroactively. There is nothing in the majority opinions that suggests that the justices agreeing to it

would make the distinction between the actions ultimately causing death and the accomplice's contribution to the crime that the petitioner suggests.  Given the Court's recognition of the many state statutes that permit life without parole for juvenile non-homicide offenders shown in the appendix to the opinion and the premise that Graham's sentence was contrary to the majority's view of "evolving standards of decency" it is inconceivable that this new rule will be applied retroactively to invalidate sentences imposed in those states.  Accordingly, the claim of a violation of the Eighth Amendment as ground VI in the proposed Second amended Petition has no potential merit.  It is therefore

      ORDERED that the Motion to Amend Habeas Petition and For Stay and Abeyance [35] is denied.

      DATED:    July 16th, 2010

                                      BY THE COURT:

                                      s/Richard P. Matsch

                                      _____
                                      Richard P. Matsch, Senior Judge