IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01670-RPM

ERIK BRENDAN JENSEN,

    Plaintiff,
v.

ARISTEDES W. ZAVARAS, Executive Director, Colorado Department of Corrections;
STEVE HARTLEY, Warden, Limon Correctional Facility, Limon, Colorado; and
JOHN SUTHERS, Attorney General, State of Colorado,

    Defendants.

_____

ORDER DENYING WRIT
_____

Erik Jensen was convicted of first degree murder, conspiracy to commit first degree murder and accessory to first degree murder in the death of Julie Ybanez. As required by Colorado law, he was sentenced to life imprisonment without parole on the murder charge with lesser sentences on the other convictions. In this application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, he seeks to vacate the murder and conspiracy convictions and sentences, claiming violations of the protections of the Fifth, Sixth and Fourteenth Amendments. Succinctly stated, the petitioner contends that the prosecution was conducted unfairly; that the trial court erred in the admission of hearsay statements and victim impact testimony and that the trial court failed to instruct adequately on the affirmative defense of voluntary marijuana intoxication negating the specific intent to kill after deliberation.

After review of the trial court record, the transcript of a hearing under C.R.Cr.P. 35(c), the trial court's ruling on that motion and the Colorado Court of Appeals decisions on direct appeal and on denial of the Rule 35(c) motions, this Court finds and concludes that the applicant has failed to show that these decisions were contrary to or involved an unreasonable application of clearly established federal law or resulted from an unreasonable determination of the facts in light of the evidence presented. Accordingly, the application is denied under 21 U.S.C. § 2254 (d)(1)(2).

Nathan Ybanez (Ybanez) killed his mother at their home on June 5, 1998, by strangling her with fireplace tongs after a bloody struggle. Erik Jensen and Ybanez were close friends. They, together with Brett Baker and Ken Nicholson, all teenagers, played music together. Ybanez' parents were separated. They considered him to be such a behavioral problem that they threatened to send him to a military school.

Jensen was addicted to marijuana, smoking it most of the day every day. Ybanez told Jensen and Baker earlier in the day that he was going to kill his mother that night. Both agreed that they would help with the clean up. Jensen and Ybanez worked in a bagel shop. Jensen drove Ybanez home after work and sat in the car smoking marijuana after Ybanez went into the apartment. Jensen waited approximately 30 minutes for Ybanez to commit the murder.

When Jensen then went to the door, Julie Ybanez answered it and let him inside. Ybanez struck her head from behind and she struggled with him. Ybanez called for Jensen to get Saran wrap, which he found in an open box in the kitchen. Jensen brought it to the scene but it was knocked out of his hand. In response to Ybanez' calls

for help to overcome his mother's resistance, Jensen struck her on the head with the fireplace tongs which Ybanez then used to choke her from behind.

There is no doubt that Ybanez caused the death by that means. Baker was called and came to the apartment to assist both boys with wrapping the body and washing up the blood from the walls, ceiling and floor. Ybanez took the body out to a park where he was caught and arrested. Baker made a plea agreement and was not charged with any crime relating to the murder.

Jensen and Ybanez were tried separately with Jensen's trial first. Ybanez was convicted of first degree murder.

In this habeas proceeding Jensen claims that the combination of evidentiary errors, prosecutorial misconduct and an incorrect jury instruction on the effect of marijuana intoxication led to the jury verdict of guilty of first degree murder and conspiracy to commit first degree murder after a fundamentally unfair process.

<u>Evidentiary issues</u>

The trial court admitted hearsay testimony from Baker as to Ybanez' intention to kill his mother and that Jensen was scared, implying the petitioner's knowledge and intent to participate. The appellate court affirmed, concluding that Ybanez' statements were statements against penal interest under CRE 804(b)(3). The petitioner's challenge to that ruling is based, in part, on the failure to show unavailability of Ybanez as a trial witness. Ybanez testified at the Rule 35(c) hearing that he would have testified and he denied making the statements Baker attributed to him. The trial transcript shows that the court relied on the prosecutor's statements that the attorney for Ybanez said his

client would not testify before his own trial. There was no error in reliance on that representation as a basis for finding that the witness was not available.

The petitioner's argument under the confrontation clause could have had merit if this case had been tried after the Supreme Court decision in *Crawford v. Washington,* 541 U.S. 36 (2004) but that ruling does not apply retroactively. The Colorado Court of Appeals concluded that the reliability of the co-defendant's statements was sufficiently shown in Baker's testimony concerning the circumstances and Baker was cross-examined on his testimony.

The victim's husband, mother and a friend testified about her positive qualities as a good person and the prosecution commented on that in argument. There was no objection made and the Court of Appeals cited *Payne v. Tennessee,* 501 U.S. 808 (1991) to support its ruling that there was no plain error. While the petitioner correctly observed that *Payne* only determined that such testimony was admissible at the penalty phase of a capital offense case and is not therefore directly applicable, he has not provided any authority that such testimony raises constitutional error.

The petitioner contends that statements attributed to the victim by her husband about earlier confrontations with Jensen and her fear of him should not have been admitted under the residual exception to hearsay in CRE 803(24), now CRE 807, because there was an insufficient showing of trustworthiness.

Jensen testified in his defense and admitted the substance of this testimony. He also admitted that Ybanez had told him of his intention to kill his mother. He now asserts that because this hearsay evidence from Baker and the husband had been heard by the jury, he felt compelled to testify in explanation. The suggestion that Jensen might have

4

declined to testify is inconsistent with the theory of the defense that because of his youth and under the influence of marijuana, he could not have formed the intent to kill Julie Ybanez. That defense would not have been available without his testimony of drug usage.

In reviewing the entirety of the defendant's trial testimony, he admitted every essential element of the crime of an accomplice in first degree murder except the specific intent to cause the victim's death.

That critical issue was given to the jury by instructions which are challenged as confusing because of the failure to specifically advise the jury that intoxication can negate deliberation. The Colorado Court of Appeals addressed that issue in the Rule 35(c) appeal. The instruction given had been disapproved in *People v. Harlan,* 8 P.3d 448 (Colo. 2000), decided after this conviction, but while the appeal was pending. Using a plain error analysis the court concluded that this did not affect the fundamental fairness of the trial. The effect of voluntary intoxication as a defense in a criminal case is a matter of state law and does not give rise to any claim of constitutional error.

The petitioner's claims of juror and prosecutorial misconduct were fully considered and rejected by the state court in rulings that are reasonable both as to the applicable constitutional law and under the evidentiary record.

After full review of the entire record, this Court is unable to say that Erik Jensen's conviction of first degree murder and conspiracy was the result of a process that was fundamentally unfair. Accordingly, it is

ORDERED that this application for a writ of habeas corpus is denied and this action is dismissed.

DATED: September 24th, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge